## The AGNES MANNING.

### BRISTOL CITY LIME CO. v. The AGNES MANNING.

(District Court, E. D. New York. January 11, 1894.)

SALVAGE—DERELICT.

Fifty per cent. of the value of a vessel, and expenses, was allowed as salvage, when it appeared that the vessel, when picked up by the libelant's steamer, was derelict, having been abandoned a week, and was leaking, with 10 or 11 feet of water in her hold; that a previous unsuccessful attempt at towing had been made by another steamer; and that libelant's steamer had brought her into port in safety, after 6 days' towing.

In Admiralty. Libel for salvage. Decree for libelant.

Wheeler, Cortis & Godkin, for plaintiff.

Benedict & Benedict, for defendant.

BENEDICT, District Judge. This is an action brought in behalf of the owners, master, and crew of the steamship Exeter City to recover salvage compensation for services rendered the schooner Agnes Manning. In March, 1893, the steamship Exeter City, a merchant steamer bound to New York, when about 420 miles east of Sandy Hook, fell in with the schooner Agnes Manning, abandoned. The Manning was laden with a full cargo of coal, had been abandoned for about a week, was leaking, and when boarded had 10 or 11 feet of water in her hold. Previous to the abandonment, an effort had been made to tow the schooner by the steamship Nestoria. The effort, however, was given up after two hawsers had been broken. Thereupon the crew of the Manning left their vessel, and went on board of the Nestoria, which proceeded on her voyage. The Exeter City, about a week after, made fast to the Manning, put men on board of her, and, after six days' towing, brought her into the port of New York in safety. The appraised value of the Manning is $27,000, and her cargo $2,000. The service was performed at an expense to the owners of the Exeter City of $850. The remarks of this court made in deciding the case of The Anna, 6 Ben. 166, Fed. Cas. No. 398, more than 20 years ago, where it is said: "For the taking in charge and saving of a wreck so situated the reward should be such as to insure at all times the rendering of any amount of labor, the incurring of any risk, and the deviation by any vessel from any voyage, in order to supply the wreck with a crew, and make her presence safe," may be repeated here.

The libelants are entitled to a liberal salvage compensation for the services rendered. The only question is what would be a liberal compensation. It is claimed on behalf of the libelants that the amount awarded should very much exceed the average amount heretofore given in cases of derelict, it being now apparent that the rewards given are not sufficient to induce vessels to incur the hazard of towing a wreck, so that commerce is impaired by the number of floating wrecks left abandoned, and the government itself has felt it its duty to send national vessels out in order to destroy these obstructions to navigation. This consideration is not without weight in determining the amount of salvage in a case like this. In my opinion, 50 per cent. of the value of the property saved will be a liberal reward, deducting first the sum of $850, expended by the salvors, which sum is to be first paid to them.